MAYER BROWN LLP
MICHAEL A. MOLANO (SBN 171057)
JENNIFER T. LORCH (SBN 260647)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone:    (650) 331-2035
Facsimile:    (650) 331-4535
Email:    mmolano@mayerbrown.com
        jlorch@mayerbrown.com

Attorneys for Petitioner
CURRICULUM ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CURRICULUM ASSOCIATES, LLC, a Massachusetts limited liability company,<br><br>Petitioner,<br><br>v.<br><br>LETSGOLEARN, INC., a Delaware corporation,<br><br>Respondent. | Civil Action No. MISC:<br><br>**CURRICULUM ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[9 U.S.C. §1 *et seq.*]<br><br>Date:    July 27, 2012<br>Time:   9:00 a.m.<br>Place:  Courtroom 11, 19th Floor<br>Judge:  Honorable Jeffrey S. White |

CURRICULUM ASSOCIATES' MOTION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT
Civil Action No. MISC:_____

701530993

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................................2

II. JURISDICTION AND VENUE.............................................................................................2

III. INTRADISTRICT ASSIGNMENT .....................................................................................3

IV. STATEMENT OF ISSUES TO BE DECIDED ...................................................................3

V. FACTUAL BACKGROUND ...............................................................................................4

    A.    The Parties And The Agreement To Arbitrate .........................................................4

    B.    The Arbitration Proceedings .....................................................................................5

    C.    The Final Arbitration Award......................................................................................6

VI. ARGUMENT........................................................................................................................6

    A.    The Final Arbitration Award Must Be Confirmed Because There Are No
           Grounds To Vacate, Modify, Or Correct .................................................................7

VII. CONCLUSION.....................................................................................................................8

701530993

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Coutee v. Barrington Capital Group, L.P.,*
  336 F.3d. 1128 (9th Cir. 2003).................................................................................7

*Hall Street Associates, L.L.C. v. Mattel, Inc..,*
  552 U.S. 576 (2008) ............................................................................................6

*Sheet Metal Workers' Int'l Assn v. Madison Indus., Inc.,*
  84 F.3d 1186 (9th Cir. 1996)...............................................................................7

**STATUTES**

9 U.S.C. § 1 *et seq.*..............................................................................................1,2,7,8

9 U.S.C. §§ 9- 10..................................................................................................3,7

9 U.S.C. § 11 .........................................................................................................8

28 U.S.C. § 1332(a),(c)(1).....................................................................................2,3

Civil L.R. 3-2(c),(d). ............................................................................................3

**OTHER AUTHORITIES**

General Order 44.....................................................................................................3

CURRICULUM ASSOCIATES' MOTION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT
CIVIL ACTION NO. MISC:_____

701530993

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 27, 2012 at 9:00 a.m., or as soon thereafter as the matter may be heard (or at such other date and time as this Court may set), in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Jeffrey S. White presiding, Petitioner Curriculum Associates, LLC ("Curriculum Associates" or "Petitioner") will move the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.*, for an order confirming a March 29, 2012 Final Award ("Final Award") issued in American Arbitration Association ("AAA") No. 74 117 Y 0027 11 ("Arbitration") between Petitioner Curriculum Associates and Respondent Let's Go Learn, Inc. ("LGL" or "Respondent"), and entry of judgment thereon.

This Motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Michael A. Molano (the "Molano Decl."); the [Proposed] Order regarding this Motion; all the pleadings, records, and files in this action; matters of which the Court may take judicial notice; and such other evidence and argument as may be presented at any hearing on this motion.

## RELIEF SOUGHT

Curriculum Associates seeks an order from this Court (i) confirming the Final Award; and (ii) entering judgment against LGL in accordance with the Final Award, including that LGL pay to Curriculum Associates a total amount of $1,237,377.50 (plus applicable interest) as set forth in the Final Award and itemized as follows:

a) $712,849 in damages, with no interest accruing until March 29, 2015, with interest accruing at the rate of five per cent over the Federal Reserve discount rate beginning on March 29, 2015;

b) $500,000 in attorneys' fees, with interest accruing from March 29, 2012 at the rate of five per cent over the Federal Reserve discount rate;

c) $11,850 in costs with interest accruing from March 29, 2012 at the rate of five per cent

-1-

over the Federal Reserve discount rate; and

d) $12,678.50 in fees and costs of the Arbitrator in the Arbitration with interest accruing from March 29, 2012 at the rate of five per cent over the Federal Reserve discount rate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On March 29, 2012, AAA Arbitrator Susan H. Nycum issued a Final Award in favor of the Petitioner and against the Respondent for damages, attorneys' fees and costs totaling $1,237,377.50 (plus applicable interest). The Final Award was granted after over 10 months of arbitration proceedings that culminated in a three-day hearing in San Francisco where over a half-dozen percipient and expert witnesses testified. In the end, Arbitrator Nycum found that the (i) Respondent had breached a written contract between the parties entitling Petitioner to damages; and (ii) Petitioner was the prevailing party and entitled to reasonable attorneys' fees and costs.

The Final Award should now be confirmed pursuant to Section 9 of the Federal Arbitration Act ("FAA"). Judicial review of an arbitration award "is both limited and highly deferential" to the arbitrator under Ninth Circuit law requiring a clear showing of extraordinary acts (*e.g.*, "corruption, fraud or undue means") to modify an award. Here, no such grounds exist after the 10 months of proceedings, three days of trial and a 28-page Final Award. Therefore, Petitioner requests that the Final Award be confirmed in full and a judgment entered in conformity.

### II.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), the Agreement and the FAA (9 U.S.C. § 1 *et seq.*).

First, this Court has jurisdiction over this matter because the Award was made in the Northern District of California. Molano Decl. ¶ 11. Second, Section 9 of the FAA provides that if the parties specify a court, a petition to confirm may be brought in the specified court. 9

-2-

CURRICULUM ASSOCIATES' MOTION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT
Civil Action No. MISC:_____

701530993

U.S.C. § 9. Alternatively, where "no court is specified" in the parties' agreement, a petition to confirm "may be made in the United States court in and for the district within which such award was made." *Id.* Here, Curriculum Associates and LGL expressly agreed that "judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Molano Decl. ¶ 2, Ex. A § 6.2. Third, the parties agreed in writing that they "hereby submit to the non-exclusive jurisdiction of, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco Division … in any litigation arising out of the Agreement." Molano Decl. ¶ 2, Ex. A § 6.1. Fourth, this Court has original subject matter jurisdiction over this action and all of its claims pursuant to 28 U.S.C. § 1332(a), in that Curriculum Associates and LGL are citizens of different states under 28 U.S.C. § 1332(C)(1) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

Venue is proper in this Court and this Court has personal jurisdiction over LGL because LGL is a citizen of this judicial district. Furthermore, as discussed above, Section 6.1 of the Agreement between Curriculum Associates and LGL provides that this judicial district is a proper venue for disputes arising under the Agreement. *See* Molano Decl. ¶ 2, Ex. A. § 6.1.

### III.

### INTRADISTRICT ASSIGNMENT

Because a substantial part of the events or omissions which gave rise to the underlying claims in this Arbitration occurred in Alameda County, California, this action arises in Alameda County, and therefore shall be assigned to the San Francisco Division or the Oakland Division of this district in accordance with Civil L.R. 3-2(c) and (d). Curriculum Associates notes that, in Section 6.1 of the parties' Distribution Agreement, Curriculum Associates and LGL elected the San Francisco Division for any litigation arising out of the contract, but Curriculum Associates submits to Civil Local Rule 3-2 and General Order 44 for a determination of the appropriate divisional assignment. *See* Molano Decl. ¶ 2, Ex. A.

### IV.

### STATEMENT OF ISSUE TO BE DECIDED

The issue to be decided in this Motion is whether Curriculum Associates is entitled to an

-3-

CURRICULUM ASSOCIATES' MOTION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT
Civil Action No. MISC:_____

701530993

order confirming the Final Award and to have judgment entered thereon.

V.

## FACTUAL BACKGROUND

### A.    The Parties And The Agreement To Arbitrate

Petitioner, Curriculum Associates, is a Massachusetts corporation with its principal place of business near Boston, Massachusetts.  Curriculum Associates develops, publishes, markets, and sells interactive electronic educational programs designed for use by educators for the purpose of both diagnosing aptitude and providing instruction in reading and math for students in kindergarten through 12th grade.

Respondent, LGL, is a Delaware corporation having its principal place of business in the San Francisco Bay Area (Kensington, California).  LGL also offers online electronic programs that provide research-based diagnostic assessment and instruction for reading and math skills of kindergarten through 12th grade students.

On October 29, 2007, Curriculum Associates and LGL entered into a Distribution Agreement ("Agreement") which runs through December 31, 2012.  The Agreement established Curriculum Associates as LGL's exclusive distributor for its educational software products (DORA, DOMA, Unique Reader, and Unique Math) in certain exclusive markets in the United States and Canada as of January 1, 2008 (notwithstanding LGL's own ability to continue selling those products directly within certain non-exclusive markets).  Molano Decl. ¶ 2-3, Ex. A.

The Agreement further provides that "any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the County of San Francisco, California, administered by the American Arbitration Association ("AAA") in accordance with its Commercial Arbitration Rules."  Molano Decl. ¶ 2, Ex. A § 6.2.  Moreover, the Agreement provides that:

> …judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration proceedings shall be conducted by a single arbitrator experienced with software disputes, selected in accordance with the Rules. The arbitrator shall determine which is the prevailing party and shall include in the award that party's reasonable attorneys' fees and costs.

-4-

701530993

Molano Decl. ¶ 2, Ex. A § 6.2.

**B.    The Arbitration Proceedings**

On May 11, 2011, Curriculum Associates submitted to LGL and AAA a demand for arbitration of the underlying dispute in accordance with the terms of the Agreement. Molano Decl. ¶ 4, Ex. B. Curriculum Associates' claim was that LGL breached the Agreement by not providing Curriculum Associates the exclusivity it bargained for and by denying Curriculum Associates access to certain electronic educational programs. Molano Decl. ¶ 11, Ex. E. Curriculum Associates alleged seven breaches of the Agreement arising out of four actions by LGL. *Id.* LGL categorically denied that it had breached the Agreement, but filed no counterclaims against Curriculum Associates.

The dispute was administered under the AAA's Commercial Arbitration Rules. Molano Decl. ¶ 5. On June 22, 2011, the AAA confirmed the appointment of Susan Nycum, Esq. to arbitrate the parties' dispute and noticed a July 5, 2011 preliminary hearing. Molano Decl. ¶ 6, Ex. C. LGL did not object to the appointment of Ms. Nycum or the scheduling of the preliminary hearing. Molano Decl. ¶ 7.

On July 5, 2011, Arbitrator Nycum held a preliminary hearing in the Arbitration. Molano Decl. ¶ 8. Both Michael A. Molano, counsel for Curriculum Associates, and Marco Quazzo, counsel for LGL, appeared telephonically at the preliminary hearing. During the hearing, LGL agreed to a briefing schedule, a date for a hearing on Curriculum Associates Preliminary Injunction request, and to a hearing date for the Arbitration. *Id.* This schedule was confirmed in writing in the Report of Preliminary Hearing and Scheduling Order No. 1 issued by Arbitrator Nycum on July 12, 2011. Molano Decl. ¶ 8, Ex. D.

A final hearing in the matter of the Arbitration was held from November 15-17, 2011 in San Francisco, California at the offices of the AAA. Molano Decl. ¶ 9. The Arbitrator heard testimony and received evidence at the final hearing pursuant to the AAA Commercial Arbitration Rules. Molano Decl. ¶ 9. In compliance with the Arbitrator's order at the hearing, the parties submitted Post-Hearing Briefs on December 5, 2011. Molano Decl. ¶10. Per Arbitrator Nycum's order, Curriculum Associates filed an Appendix to its Post-Hearing Brief on

-5-

701530993

December 6, 2011. Molano Decl. ¶ 10.

**C.    The Final Arbitration Award**

On March 29, 2012, Arbitrator Nycum issued a Final Award finding for Curriculum Associates and against LGL on the claim for breach of the Agreement. Molano Decl. ¶ 11, Ex. E. Specifically, the Arbitrator found that LGL had "breached section 1.1 of the Distribution Agreement by sales of exclusive products and/or sale of products in the exclusive market during the relevant period of exclusivity." Molano Decl. ¶ 11, Ex. E, p. 21.

The Final Award requires LGL to pay Curriculum Associates $712,849 in damages. Molano Decl. ¶ 11, Ex. E, p. 24. Those damages awarded may be paid over a three year period interest-free, but then begin to accrue interest on March 29, 2015. Molano Decl. ¶ 11, Ex. E, p. 24. The Final Award also found Curriculum Associates to be the prevailing party. *Id.* As the prevailing party, Curriculum Associates submitted a Statement of Fees and Costs to the Arbitrator and was awarded $500,000 in attorneys' fees, $11,850 in costs and $12,678.50 in fees and costs of the Arbitrator in the Arbitration (with interest accruing at the rate of five per cent over the Federal Reserve discount rate). Molano Decl. ¶ 11, Ex. E, p. 27. The Award was delivered to the parties in accordance with AAA Commercial Arbitration R-45 on March 29, 2012. Molano Decl. ¶ 12.

## VI.

## ARGUMENT

This Motion is brought under federal law that favors very limited review of arbitration awards. For example, in 2008, the U.S. Supreme Court commented on a "national policy" favoring a "limited review" of arbitration awards under the Federal Arbitration Act ("FAA"):

> …[I]t makes more sense to see the [the FAA] as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,' [citations omitted] and bring arbitration theory to grief in post-arbitration process.

*Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008).

-6-

701530993

The FAA provides that a party may apply to the court for an order confirming an arbitration award if the parties' agreement provides that a court judgment is to be entered upon the award. 9 U.S.C. § 9. As consistently stressed by the Ninth Circuit, judicial review of an arbitration award "is both limited and highly deferential." *Coutee v. Barrington Capital Group, L.P.,* 336 F.3d. 1128, 1132 (9th Cir. 2003) citing *Sheet Metal Workers' Int'l Assn v. Madison Indus., Inc.,* 84 F.3d 1186, 1190 (9th Cir. 1996). As noted above, the Agreement between the parties here specifically provides for a court to enter judgment on the arbitration award. In this case, Arbitrator Nycum's Final Award is in all respects proper and there are no legitimate grounds to vacate, modify, or correct. Accordingly, the Court should grant an order confirming the Final Arbitration Award and enter judgment in conformity.

**A.**      **The Final Arbitration Award Must Be Confirmed Because There Are No Grounds To Vacate, Modify, Or Correct**

Pursuant to Section 9 of the FAA, the Final Arbitration Award should be confirmed. The FAA provides that "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C.] sections 10 and 11." 9 U.S.C. § 9 (*emph. added*).

There are only four narrow bases for vacating an arbitration award: (1) where an award is procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators are guilty of misconduct in refusing to postpone a hearing, in refusing to hear evidence pertinent and material to the controversy, or in misbehavior prejudicing the rights of the parties; and (4) where the arbitrators exceed the scope of their powers (i.e., purport to exercise powers that the parties did not intend them to possess or otherwise display a manifest disregard for the law). 9 U.S.C. § 10.

None of these bases are present here. Curriculum Associates and LGL agreed to resolve any dispute by arbitration in San Francisco, California administered by the American Arbitration Association. Molano Decl. ¶ 2, Exh. A §6.2. Arbitrator Nycum held a pre-arbitration conference where she set forth a schedule for the hearing, associated briefing, and discovery which was later reduced to writing in her Report of Preliminary Hearing and Scheduling Order No. 1. Molano Decl. ¶ 8, Exh. D. At no point during the Arbitration proceeding did Arbitrator

-7-

701530993

Nycum refuse to postpone a hearing, refuse to schedule a telephonic hearing to resolve a dispute between the parties, or refuse to hear evidence pertinent and material to the controversy. *Id.* at ¶ 13. After the conclusion of all Arbitration proceedings, Arbitrator Nycum issued a 28-page, written Final Award containing her findings and conclusions and resolving each party's claims. *Id.* at ¶ 11, Exh. E. In addition, because the Final Award falls squarely within the scope of the dispute and the parties' briefings, there can be no dispute that Arbitrator Nycum acted within the scope of her powers.

The grounds for modification or correction are similarly circumscribed by Section 11 of the FAA. 9 U.S.C. § 11. Modification is allowed only: (1) where there was an evident material miscalculation of figures, or a mistake in a description of a person, thing or property referred to in the award; (2) where the arbitrators have awarded upon a matter not submitted to them; and (3) where the award is imperfect in matter of form not affecting the merits of the controversy. *Id.* As the facts above illustrate, there simply exists no grounds for modification. In fact, both parties submitted requests for modification to Arbitrator Nycum which were both expressly denied by the Arbitrator. Molano Decl. ¶¶ 11, 14-15, Exhs. E, F, H.

## VII.

## CONCLUSION

The parties submitted their dispute to arbitration before AAA in San Francisco as set forth in the Agreement. Following 10 months of full Arbitration proceedings and a three-day hearing before the Arbitrator, Curriculum Associates won a Final Award and was awarded $1,237,377.50. There exists no grounds to vacate or modify this Award. Consistent with federal policy favoring arbitration with limited review, Curriculum Associates respectfully requests that the Court confirm the Award and enter judgment in conformity.

-8-

701530993

Dated: May 25, 2012                          MAYER BROWN LLP



By: _____

Michael A. Molano (SBN 171057)
Jennifer T. Lorch (SBN 267647)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2035
Facsimile:    (650) 331-4535
Email:        mmolano@mayerbrown.com
              jlorch@mayerbrown.com

*Attorneys for Petitioner CURRICULUM ASSOCIATES, LLC*

-9-

CURRICULUM ASSOCIATES' MOTION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT
Civil Action No. MISC:_____

701530993